1
2
3
4
5
6
7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    MARVA LEIGH SMITH,                          CASE NO. 03cv0228 JM(JMA)

12                              Plaintiff,        ORDER DENYING RULE 60(B)
                                                  MOTION TO VACATE JUDGMENT
13            vs.

      JO ANNE B. BARNHART,

14                              Defendant.

15

16            On December 19, 2005 the court granted Defendant's cross motion for summary

17    judgment and denied Plaintiff's cross motion for summary judgment on her claim for

18    supplemental disability income.  On December 27, 2006 Plaintiff filed the present

19    motion to set aside or vacate the judgment.

20            Rule 60(b) generally provides that a party may seek relief from a final judgment

21    for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2)

22    newly discovered evidence; (3) fraud, misrepresentation or other misconduct by an

23    adverse party; (4) the judgment is void; (5) the judgment has been satisfied or otherwise

24    altered; or (6) any other reason justifying relief.  Fed.R.Civ.P. 60(b).  Any request for

25    relief for reasons (1), (2), or (3), must be made within one year of entry of judgment.

26    Id.   Here, the only applicable provision of Rule 60 is subsection (6) which requires a

27    moving party to show "extraordinary circumstances" indicating that the delay is the

28    result of circumstances outside the  party's control.  Pioneer Investment Servs. Co. v.

1    <u>Brunswick Assocs. Ltd. Partnership</u>, 507 U.S. 380, 392 (1993).

2        Here, the court denies the motion to vacate the earlier judgment.  Plaintiff argues

3    that she did not receive a copy of the Report and Recommendation ("R & R") until

4    February 2006 when counsel provided her a copy of the R & R.  In providing Plaintiff

5    a copy of the R & R, her counsel inadvertently provided her with copies of medical

6    records belonging to other individuals.  She also argues that she was the victim of a

7    purse snatching on August 16, 2005 and that on January 31, 2005 she witnessed a

8    violent pedestrian vehicle accident.  While the reasons proffered by Plaintiff tend to

9    show that events outside her control may have contributed to her ability to timely assert

10   any Objections to the R & R, the court notes that Plaintiff had over one year to move

11   for Rule 60(b) relief.  Even assuming that Plaintiff's proffered reasons justify several

12   months of delay, she fails to establish that the delay is the result of circumstances

13   outside her control.  Further, even if considered timely, the court notes that Plaintiff

14   fails to identify grounds of fraud, mistake, or inadvertence warranting relief on the

15   merits of her claim.

16       In sum, the motion for Rule 60(b) relief is denied.

17       **IT IS SO ORDERED**.

18   DATED:  February 6, 2007

19   _____

20              Hon. Jeffrey T. Miller
                United States District Judge

21   cc: All Parties

22

23

24

25

26

27

28